**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| CANDICE SCHOBER | § | |
| and SCOTT SCHOBER, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | No: 3:06-CV-1921-M |
| | § | |
| STATE FARM MUTUAL | § | |
| AUTOMOBILE INSURANCE CO., | § | |
| | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Rule 12(b)(6) Motion for Partial Dismissal filed by Defendant

State Farm Mutual Automobile Insurance Company ("State Farm") on March 22, 2007.  For the

reasons stated below, the Motion is **GRANTED** as to Plantiffs' claims for breach of contract and

violation of the Prompt Payment of Claims Act—which are **DISMISSED**—and **DENIED** as to

the claims for bad faith and exemplary damages, which are **ABATED** pending resolution in this

Court of the question of Defendant's liability under the policy.

### I. BACKGROUND

Plaintiffs are Candice Schober and Scott Schober.  The Schobers' breach of contract and

extra-contractual claims arise out of Defendant State Farm's alleged failure to pay the Schobers

underinsured motorist ("UIM") benefits under an insurance policy issued to them by State Farm.

The Schobers plead that on March 31, 2003, Candice Schober was a passenger in Scott Schober's

automobile when it was struck on its passenger side by a vehicle driven by Abigail Escoto, an

underinsured motorist as defined in the Schobers' policy.  As a result of this collision, Candice

Schober sustained multiple bodily injuries and claimed damages for these and other injuries

proximately caused by Escoto's alleged negligence.  With State Farm's approval, the Schobers

settled with Escoto's liability carrier for the limit of Escoto's automobile liability policy.

On April 12, 2005, the Schobers notified State Farm of their UIM claim, requesting

compensation under the UIM provisions of their policy for an unspecified sum of damages in

excess of the limit of Escoto's policy.  On April 29, 2005, per State Farm's request in letters

dated April 18 and April 21, 2005, the Schobers provided additional information supporting their

claim.  State Farm requested further information in a letter dated May 3, 2005.  On January 12,

2006, the Schobers forwarded additional supporting medical records to State Farm.  In a letter

dated January 23, 2006, State Farm accepted the Schobers' UIM claim and offered what the

Schobers describe as a "token sum" of $10,500.00 in settlement.  The Schobers contend that

although they timely notified State Farm of their claim and have satisfied all conditions of their

State Farm policy prior to bringing this suit, they never received from State Farm a reasonable

settlement offer made in good faith.  Accordingly, the Schobers filed suit against State Farm,

claiming payment of UIM damages under their insurance policy, breach of contract, violation of

the Prompt Payment of Claims Act, breach of the common law duty of good faith and fair

dealing, violation of the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"),

and violation of the Texas Insurance Code.  State Farm removed the suit to this Court.

## II.  ANALYSIS

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint[1] for

---

[1]  Plaintiffs' live pleading is the petition that State Farm removed from state court.

"failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).  In

considering a Rule 12(b)(6) motion, the complaint must be liberally construed in favor of the

plaintiff, and all well-pled facts in the complaint must be taken as true.  *Campbell v. Wells Fargo*

*Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986).  While a complaint attacked by a Rule 12(b)(6)

motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide

the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do.  *Bell Atlantic Corp. v.*

*Twombly*, ___ U.S. ___, 127 S. Ct. 1955, 1964–65 (2007) (citations omitted).  Factual allegations

must be sufficient to raise a right to relief above the speculative level.  *Id.*  In deciding a motion

to dismiss, a court does not evaluate a plaintiff's likelihood of success; it only determines

whether a plaintiff has stated a legally cognizable claim.  *United States ex rel. Riley v. St. Luke's*

*Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

*A. Breach of Contract, Delay in Payment, and Attorneys' Fees*

The Schobers allege that State Farm breached its contractual obligation by refusing to

compensate them for their damages under the policy's UIM coverage.  The Schobers also assert

that as a result of its purported breach, State Farm is liable for violation of the Prompt Payment

of Claims Act and for attorneys' fees under chapter 38 of the Texas Civil Practices and Remedies

Code.  *See* TEX. INS. CODE ANN. § 542.060.  State Farm moves the Court to dismiss the

Schobers' claims for breach of contract, violation of the Prompt Payment of Claims Act, and

attorneys' fees, arguing that the Schobers have not established—by judgment or settlement—the

underinsured driver's liability for damages caused by the collision, which is a condition

precedent to a party's being "legally entitled to recover" UIM damages.  TEX. INS. CODE ANN.

art. 5.06-1(5) (West Supp. 2004)[2]; *see Henson v. S. Farm Bureau Cas. Ins. Co.*, 17 S.W.3d 652, 654 (Tex. 2000).

    The UIM provision of the Schobers' policy obligates State Farm to "provide damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by a covered person." Generally, in order to be legally entitled to recover UIM benefits, the insured must establish the tortfeasor's fault and the amount of resulting damages through "settlement with the tortfeasor or a judicial determination following trial on the tortfeasor's liability." *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 880 (5th Cir. 2004) (quoting *Wellisch v. United Servs. Auto. Ass'n*, 75 S.W.3d 53, 57 (Tex. App.—San Antonio 2002, pet. denied) (citing *Henson*, 17 S.W.3d at 653)).

    State Farm argues that since there has been no judgment or settlement establishing the Schobers' legal entitlement to recover from Escoto, State Farm had no contractual duty to pay UIM benefits to the Schobers. The Schobers rely on *Sprague v. State Farm Mutual Automobile Insurance Company* for the proposition that only a showing of "fault on the part of the uninsured motorist and the extent of the resulting damages"—rather than an actual judgment—is required for them to meet the "legally entitled to recover" standard. 880 S.W.2d 415, 416 (Tex. App.—Houston 1993, writ denied) (quoting *Franco v. Allstate Ins. Co.*, 505 S.W.2d 789, 792 (Tex. 1974)). However, in *Sprague*, the insured was not legally entitled to recover the amount demanded from the insurer until the jury determined liability and the extent of the insured's damages. *Id.* at 417. This prerequisite to UIM coverage is in accordance with the Texas

---

[2] Since the filing of State Farm's Motion for Partial Dismissal, the Texas Legislature has replaced this provision. *See* TEX. INS. CODE ANN. § 1952.101(a) (2007).

Supreme Court's recent pronouncement that "the UIM insurer is under no contractual duty to pay benefits until the insured obtains a *judgment* establishing the liability and underinsured status of the other motorist." *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006) (emphasis added) (noting that UIM insurance utilizes tort law, rather than the policy itself, to determine coverage).

The Schobers have not alleged that a specific determination of liability or damages was made on their original UIM claim through a judgment against Escoto, the underinsured motorist. Neither was the amount alleged to have been determined in a settlement.  Although the Schobers briefly refer to their settlement with Escoto's liability carrier, they do not specify the amount or nature of this settlement.

The fact that article 5.06-1 of the Texas Insurance Code has been "liberally construed to protect persons who are legally entitled to recover damages from underinsured motorists" does not abrogate the requirement that a claimant establish this entitlement through judgment or perhaps by settlement.  *Id.* at 814.  Fundamentally, the Schobers fail to indicate how, in the absence of such, they were legally entitled to recover UIM benefits from State Farm at the time of State Farm's alleged breach.  Consequently, State Farm cannot legally be held to have breached a contractual duty that never arose.

Additionally, the Schobers claim that State Farm's delay in processing their claim violated the Prompt Payment of Claims Act.  State Farm moves the Court to dismiss this claim on the ground that the Schobers' claim for UIM benefits is not one which "must be paid" by the insurer.  In *Allstate Insurance Company v. Bonner*, the Texas Supreme Court held that in order to state a claim for violation of the Prompt Payment of Claims Act, a party must establish "(1) a

claim under an insurance policy; (2) that the insurer is liable for the claim; and (3) that the insurer has failed to follow one or more sections of [the Prompt Payment of Claims Act] with respect to the claim." 51 S.W.3d 289, 291 (Tex. 2001) (construing the statutory predecessor to the Prompt Payment of Claims Act). The Prompt Payment of Claims Act defines a "claim" as "a first-party claim that . . . must be paid by the insurer directly to the insured or beneficiary." TEX. INS. CODE ANN. § 542.051(2). An insured establishes a UIM claim if the insured proves the tortfeasor's liability for damages covered under the policy and the satisfaction of all applicable policy provisions. *See Bonner*, 51 S.W.3d at 291–92. However, there can be no liability for an alleged Prompt Payment of Claims Act violation if the claim is not covered under the policy. *See Progressive County Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919, 922 (Tex. 2005). Even if the Schobers had submitted a claim that "must be paid" under the statutory definition, damages would still be unavailable for such a claim because the policy specifically limits State Farm's UIM coverage to those damages which the insured is "legally entitled to recover" from the tortfeasor. While the Schobers petition this Court for a finding that State Farm is liable for their damages, the Schobers have not alleged facts to establish that they were *previously* legally entitled to recover from Escoto. As such, the Schobers fail to satisfy this provision of the policy. Therefore, absent State Farm's prior liability for the claimed damages, the Schobers' Prompt Payment of Claims Act claim fails for legal insufficiency under the second prong of the *Bonner* test.

The Schobers also seek attorneys' fees under chapter 38 of the Texas Civil Practices and Remedies Code for State Farm's alleged refusal to compensate them under the UIM provisions of their policy. State Farm moves the Court to dismiss the attorneys' fees application on the

basis that the Schobers have not "present[ed]" a valid claim and that State Farm has not failed to pay the "just amount owed" within 30 days after presentment of the claim. TEX. CIV. PRAC. & REM. CODE ANN. § 38.002. Under chapter 38, presentment of a claim for UIM benefits requires a trial court's judgment establishing the negligence and underinsured status of the other motorist. *See Brainard*, 216 S.W.3d at 818–19 (holding the insured unentitled to recover attorneys' fees under chapter 38 where it presented its UIM claim before the trial court rendered judgment on the underinsured motorist's liability). As no judgment has yet established liability for the collision, the Schobers have not presented a legally recoverable claim to State Farm within the meaning of chapter 38. State Farm thus could not have incurred an obligation to pay any purported "just amount owed" on the Schobers' UIM claim. *See State Farm Mut. Auto. Ins. Co. v. Norris*, 216 S.W.3d 819, 822 (Tex. 2006). Accordingly, the Schobers have not fulfilled the statutory prerequisites for entitlement to attorneys' fees under chapter 38 of the Texas Civil Practices and Remedies Code.

The Court thus **GRANTS** State Farm's Motion to Dismiss the Schobers' claims for breach of contract and for violation of the Prompt Payment of Claims Act.

### B. Bad Faith and Exemplary Damages

The Schobers contend that State Farm breached the duty of good faith and fair dealing by failing to conduct a reasonable and proper investigation of the Schobers' UIM claim, for which State Farm's liability was reasonably clear. The Schobers also allege that State Farm's purported breach of the duty of good faith and fair dealing "was aggravated by the kind of gross negligence for which the law allows the imposition of exemplary damages." The Schobers further plead that State Farm engaged in unfair claim settlement practices in violation of the DTPA and the Texas

Insurance Code, including but not limited to the following: (1) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Schobers' claim once State Farm's liability became reasonably clear; (2) failing to promptly provide a reasonable explanation of the basis for State Farm's denial of the claim; and (3) refusing to make a reasonable offer without first conducting a reasonable investigation. *See* Tex. Ins. Code Ann. § 541.060(a)(2)–(7); Tex. Bus. & Com. Code Ann. § 17.46(b).  State Farm moves the Court to dismiss the Schobers' claims for bad faith, positing that its actions did not constitute bad faith because its alleged duty to pay UIM damages has not matured.  State Farm moves the Court to dismiss the Schobers' claim for exemplary damages on the basis that the Schobers have not alleged that State Farm engaged in extreme or outrageous conduct that would cause the Schobers to suffer extraordinary harm.

Under Texas law, an insurer is liable for bad faith in delaying or denying a claim "if the insurer knew or should have known that it was reasonably clear that the claim was covered." *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 56 (Tex. 1997).  An insurer may breach the duty of good faith and fair dealing by failing to reasonably investigate a claim.  *Id.* at 56 n.5 (citing *Arnold v. Nat'l County Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987)).  While generally an insured cannot maintain a bad faith claim absent the insurer's liability under the policy, an insurer's conduct may be held to be in bad faith if it is extreme in nature and causes injury in tort independent of the claim on the policy.  *See Boyd*, 177 S.W.3d at 922; *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995).  Statutory bad faith claims under the DTPA and the Texas Insurance Code require the same predicate for recovery as a common law bad faith claim. *See Hamburger*, 361 F.3d at 880 (quoting *Emmert v. Progressive County Mut. Ins. Co.*, 882

S.W.2d 32, 36 (Tex. App.—Tyler 1994, no writ)); *Boyd*, 177 S.W.3d at 922.  Bad faith is a

prerequisite to an insured's ability to recover exemplary damages for an insurer's gross

negligence.  *See Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 23 (Tex. 1994).

State Farm argues that the Court should dismiss these claims because State Farm's

liability for the Schobers' UIM claim was not reasonably clear and that it did nothing more than

require the Schobers to comply with the terms of their policy regarding UIM coverage.  Since the

Court has found that the Schobers' pleadings inadequately allege that State Farm had a previous

contractual duty to pay UIM damages to the Schobers, the Schobers' assertion of bad faith in

connection with that purported duty fails.  However, the possibility remains in the present suit

that State Farm will be found to be liable under the policy for the Schobers' UIM damages.  Per

the Schobers' request, to which State Farm does not reply, the Court determines that these claims

are more appropriately considered following a finding on State Farm's underlying liability for the

Schobers' UIM damages.

Accordingly, the Court **DENIES** State Farm's Motion to Dismiss the Schobers' claims

for bad faith and exemplary damages.  Per the Schobers' request, the Court **ABATES** these

claims pending resolution in this Court of the question of State Farm's liability under the policy

for the Schobers' UIM damages.

### III.  CONCLUSION

For the reasons stated above, Defendant's Motion for Partial Dismissal is **GRANTED** as

to the Schobers' claims for breach of contract and violation of the Prompt Payment of Claims

Act and **DENIED** as to the claims for bad faith and exemplary damages, which are **ABATED**

pending resolution in this Court of the question of liability under the policy.

**SO ORDERED.**

July 18, 2007.


**BARBARA M.G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**